White J.
This case is before us on errors assigned by the plaintiffs, and on a cross-assignment of errors by the defendant.
The only error relied on by the plaintiff we deem it necessary to notice, arises on the charge of the court as to the measure of damages.
On the trial it appeared from the evidence that the plaintiff owned but thirty-nine head of the hogs which he tendered to the defendant in performance of the contract on which the' suit was brought. The remainder of the hogs were owned by other parties, and had been driven by them to the place of delivery, under an agreement between them and the plaintiff, by which he was to have the right to deliver the hogs in performance of his contract with the defendant. In case the latter accepted the hogs, the plaintiff was to pay the owners therefor the same price that he received; but if the defendant refused to receive the hogs the owners were to retain them as their own property.
The charge of the court was to the effect, that if the plaintiff had authority to deliver the hogs to the defendant, in performance of the contract, the tender of the hogs by the *117 plaintiff would be a sufficient tender to entitle him to recover ; but that in estimating the damages, the jury should only allow the plaintiff for the thirty-nine head of which he was the absolute owner, unless they found from the evidence that he was liable, on his agreement, to the other parties for dam ages.
The contract in the case is executory; and the general rule of damages is the difference between the contract price of the hogs and their market value at the time and place specified for delivery. Benjamin on Sales, 558. The breach of the agreement by the defendant consisted of his refusal to accept the property tendered. If he had performed his part of the agreement, he would have accepted the property and paid the agreed price. We see no good reason why he should be placed in a better position by his refusal to perform than he would have occupied if he had performed his agreement.
The only ground for diminishing the damages to which the plaintiff would have been entitled under the general rule, was the conditional character of the contract by which he procured the hogs, with the right, on his part, to deliver them on his contract with the defendant. But if he had the right to and did in fact tender them to the defendant on the contract, so that by accepting them the latter would have acquired a good title, the terms of the plaintiff’s agreements with the owners in other respects, were wholly irrelevant to the issue betweeu him and the defendant. If the property had been given to the plaintiff on condition that the defendant should accept it in fulfilment of the contract, his right to damages would have been no less than if he had purchased the property for the purpose. It only concerned the defendant to know that the delivery by the plaintiff would invest him with a good title to the property. As respects the ownership, all inquiry beyond this was immaterial.
It is proper to notice several objections of the defendant, which, if well taken, go to the foundation of the plaintiff’s right to recover.
1. It is claimed the court had no right to construe the *118 agreement as binding the parties to a delivery between Christmas, 1866, and New-year’s, 18671 .
The court charged the jury that the time of delivery was between December 25th, 1866, and January 1st, 1867.
The date of the agreement was August 21st, 1866, and it has sole reference to a future delivery. The period specified within which the delivery was to be made, could only be construed fairly as referring to a future time. The year named was 1866, and the part of the year was the fraction “ between Christmas and New-year’s” yet to come.
2. It is stated in the bill of exceptions, that the plaintiff offered “ evidence showing that the hogs tendered on the contract were all of a weight over fifty pounds and were mostly approaching near the heaviest limited by the contract.” On the subject of the weight the court instructed the jury as follows : “ that the plaintiff could in law discharge his part of the contract by delivering hogs of any weight, so that they were not heavier than one hundred pounds, nor lighter than twenty-five pounds.”
This instruction is said to be erroneous in allowing hogs to be tendered,, under the agreement, of the extreme weights named. We do not think so. The terms of the agreement as.to weight, are: “said hogs to weigh from twenty-five pounds to one hundred pounds.”' The plain intent of this stipulation is to fix the minimum weight of the hogs to be furnished at twenty-five pounds, and the maximum weight at one hundred pounds ; and to exclude only such as fall below the minimum or exceed the maximum weight.
3. It appeared from the evidence that prior to the time of delivery the plaintiff had notified the defendant that he intended to furnish one hundred head of hogs on the contract. At the time of weighing, one of the hundred was found to be of over weight, and the plaintiff in fact tendered but ninety-nine. On behalf of the defendant, it was claimed that the notice by the plaintiff constituted an election on his part, and bound him to deliver a hundred head, and that a tender of a less number would not be a compliance with the contract. The court concurred in this view, but instructed the *119 jury that certain conduct of the defendant constituted a waiver of the objection. The charge of the court as to the waiver is assigned for error.
We do not deem it material to notice this assignment, as, in our opinion, the court erred in holding that the notice of the plaintiff that he intended to furnish a hundred head, had the effect to preclude him from tendering, under the agreement, a less number.
The agreement imposed no obligation on the plaintiff to give such notice, nor to make an election of the number he intended to deliver, except as such election was involved in making the tender. There was no evidence of fraud in giving the notice, nor that it operated to mislead the defendant to h;.s prejudice. The notice, therefore, had no effect on the rights of the parties under their agreement.
The judgment is reversed for error in the charge as to the measure of damages, and cause remanded to the court of common pleas for a new trial.
Scott, C. J., and Welch, Day and McIlvaine, JJ. concurred.